UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KETANYA BURKE,

                Plaintiff,

        -against-

JUDGE ELENOR C. REID and CITY OF NEW YORK,

                Defendants.

**ORDER**

20 Civ. 1835 (PGG)

---

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff Ketanya Burke, appearing pro se, brings this action alleging that Defendants violated her constitutional rights by discriminating against her and depriving her of due process in child custody proceedings. By order dated June 8, 2020, Chief Judge Colleen McMahon granted Plaintiff's request to proceed in forma pauperis ("IFP"). (Dkt. No. 3)

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012)

(holding that it is the plaintiff's responsibility to request an extension of time for service); see also Terry v. Stamford, No. 20-CV-3847 (JMF), 2020 WL 3619051, at *1 (S.D.N.Y. July 1, 2020) ("'As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).'") (quoting Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010)).

To allow Plaintiff to effect service on Defendants Judge Elenor C. Reid and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to issue summonses, complete the USM-285 form with the addresses for Judge Elenor C. Reid and the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Dated:   New York, New York
         July 14, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, New York 10007

2. Judge Elenor C. Reid
   Bronx County Family Court
   900 Sheridan Ave
   Bronx, New York 10451