UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KETANYA R. BURKE,

                        Plaintiff,

              -against-

HON. JUDGE ELENOR REID-CHERRY;
CITY OF NEW YORK,

                       Defendants.

**ORDER**

20 Civ. 1835 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a pro se Section 1983 case in which Plaintiff Ketanya R. Burke alleges that former Bronx County Family Court Judge Elenor C. Reid[1] and the City of New York violated her constitutional rights during child custody proceedings in Family Court. (See Cmplt. (Dkt. No. 2))  Plaintiff seeks declaratory and injunctive relief against Defendants, alleging that her rights were violated during family court proceedings. (Id.)  Defendants moved to dismiss (Dkt. Nos. 19, 24).  This Court referred Defendants' motions to Magistrate Judge Gabriel W. Gorenstein for a Report & Recommendation ("R&R").  (Dkt. No. 28)

        On May 24, 2021, Judge Gorenstein issued an R&R recommending that Defendants' motions to dismiss be granted.  (Dkt. No. 35)  In his R&R, Judge Gorenstein

---

[1] The Complaint names "Elenor Reid-Cherry" as a defendant (see Cmplt. (Dkt. No. 2)), but the judge's correct name is Elenor C. Reid.  (See generally Reid Br. (Dkt. No. 21))  Moreover, when served with the Complaint, Judge Reid "was no longer a Bronx Family Court judge . . . [having been transferred] to the Queens Family Court in April [2020]."  (Sept. 11, 2020 Def. Reid Ltr. (Dkt. No. 12) at 1; see also Reid Br. (Dkt. No. 21) at 9; see also id. at 10 (noting that after Judge Reid was transferred, "[t]he underlying proceeding was then assigned to a new judge and is still ongoing"))  All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

provides clear notice of the fourteen-day deadline for making objections to the R&R, and the fact that a failure to object will preclude appellate review.[2]  No party has filed objections to the R&R.

A district court's review of a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  Where, as here, no objections to an R&R have been filed, the parties have waived their right to appellate review.  See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [R&R] if the party fails to file timely objections designating the particular issue."); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's [R&R] operates as a waiver of further judicial review of

---

[2]  The R&R states:

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d).  A party may respond to any objections within 14 days after being served.  Any objections and responses shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections or responses must be directed to Judge Gardephe.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

(R&R (Dkt. No. 35) at 11) (emphasis in original))

the magistrate's decision."). This Court has nonetheless reviewed Judge Gorenstein's R&R for clear error. See Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (noting that, in the absence of objections, a district court's review of an R&R is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations) (citation and quotation marks omitted).

Judge Gorenstein concludes that Defendants' motions to dismiss should be granted, because "the Younger abstention doctrine requires that the Court refrain from exercising jurisdiction over this suit. . . ." (R&R (Dkt. No. 35) at 6-7)  This Court agrees with Judge Gorenstein that the declaratory and injunctive relief Plaintiff seeks would require this Court to intervene in her ongoing state court child custody proceedings.  Such intervention would "substantially interfere with the state court's ability to perform its judicial functions in the custody proceeding."  (See id. at 8)  Given that there is an ongoing child custody proceeding in state court; that this proceeding implicates important state interests, see Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cty., 805 F.3d 425, 427-28 (2d Cir. 2015); and that courts in this Circuit have repeatedly held that the New York state courts afford plaintiffs an adequate opportunity for judicial review of constitutional claims, see, e.g., Sobel v. Prudenti, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014), this Court agrees with Judge Gorenstein that the Younger abstention doctrine requires dismissal of Plaintiff's claims.

## CONCLUSION

For the reasons stated above, the R&R (Dkt. No. 35) is adopted in its entirety, and Defendants' motions to dismiss (Dkt. Nos. 19, 24) are granted. The Clerk of Court is directed to terminate the motions and to close this case. The Clerk of Court is also directed to mail a copy of this order to Plaintiff.

Dated: New York, New York
       September 20, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge